UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MARC PANASUK, on behalf of himself** ) | |
| **and all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | Cause No.: 1:09-CV-66 |
| ) | |
| **v.** ) | |
| ) | |
| **STEEL DYNAMICS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court in this securities class action suit is the Motion of David Ross and David John Thomas for Appointment as Lead Plaintiffs and For approval of Lead Plaintiffs' Selection of Counsel (Docket # 28), seeking the Court's appointment of David Ross and David John Thomas (together, the "Movants") as lead plaintiffs in this action and the Court's approval of their selection of The Law Offices of Bernard M. Gross, P.C., as lead counsel; Cohen & Malad, LLP, as liaison counsel; and Theisen Bowers & Associates, LLC, as local counsel for the class. For the following reasons, the Movants' motion will be GRANTED.

### A. Background

On March 16, 2009, Plaintiff Marc Panasuk filed this complaint pursuant to Federal Rule of Civil Procedure 23 on behalf of persons who purchased or acquired the common stock of Defendant Steel Dynamics, Inc. ("SDI"), between January 27, 2009, and March 11, 2009, alleging that Defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA), and Rule 10b-5 promulgated thereunder. (Docket # 1.) That same day, Plaintiff issued notice in a national,

business-oriented newswire service in accordance with the PSLRA, advising members of the proposed class that a class action had been initiated. (Gilchrist Decl. ¶ 3, Ex. B.)

On May 15, 2009, the Movants filed the instant motion, requesting that the Court appoint them as co-lead plaintiffs and approve their selection of lead, liaison, and local counsel for the class. (Docket # 30.) No other plaintiff has filed a motion to serve as lead counsel, and no one has opposed the Movants' motion. Though Defendants did voice some concern about the Movants serving as lead plaintiffs at the May 22, 2009, hearing on the motion (Docket # 33), Defendants did not suggest that the Court should deny the Movants' motion.

### B. Applicable Law

The PSLRA sets forth a procedure for the selection of lead plaintiffs in a securities class action. *See* 15 U.S.C. § 77z-1(a)(3). First, the plaintiff who files the action must, within twenty days of filing the lawsuit, publish a notice to the class informing potential class members of the pendency of the action and their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i).

Within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall then appoint as lead plaintiff, the movant that the Court determines to be most capable of adequately representing the interests of the class members. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In determining the "most adequate plaintiff," the PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person who has either filed the complaint or made a motion in response to the published notice, has the largest financial interest in the relief sought, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see, e.g.*, *Lax v. First Merchs. Acceptance*

*Corp.*, 1997 WL 461036, at *2 (N.D. Ill. Aug. 11, 1997); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996).

Any member of the purported plaintiff class may then rebut the presumption upon proof "that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class . . . [or] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Lax*, 1997 WL 461036, at *2; *see also In re Motorola Sec. Litig.*, No. 03 C 287, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003).

### C. *Appointment of Lead Plaintiff*

Here, at the hearing on the motion, the Movants' proposed lead counsel emphasized that the Movants contacted them in response to the published notice and expressed a desire to serve as lead plaintiffs in this action. In that same vein, each Movant certifies that he did not purchase the securities at the direction of counsel or in order to participate in this action. (Ross Certification ¶ 2; Thomas Certification ¶ 2.) Moreover, a group of just two lead plaintiffs "clearly limits the inefficiencies that arise with a large, unwieldy leadership group." *Winn v. Symons Int'l Group, Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *3 (S.D. Ind. Mar. 21, 2001) (contrasting the inefficiencies of a proposed group of 100 lead plaintiffs while approving a group of three lead plaintiffs).

As to the second requirement – the financial interest, the Movants have each represented that he has an incentive to take an active role in this case (Ross Certification ¶ 4; Thomas Certification ¶ 4), which "seems to be the purpose behind the second requirement." *Winn*, 2001 WL 278113, at *3. This second factor is "relatively easy to satisfy where no other group of

3

persons has moved to be named lead plaintiff"; here, the Movants are the only group of persons "to have submitted their applications, so to speak, for this position." *Id*.

And, the "typicality" and "adequacy" requirements of Federal Rule of Civil Procedure 23 are satisfied here. *See Tanne v. Autobytel, Inc*., 226 F.R.D. 659, 667-68 (C.D. Cal. 2005) (explaining that evidence concerning the requirements of Rule 23 will be heard in full at the class certification hearing and thus at this stage of the litigation only a preliminary showing of "typicality" and "adequacy" is necessary); *Winn*, 2001 WL 278113, at *5 (same). The Movants' claims arise from the same course of conduct as the other class members – acquiring SDI stock during the relevant period – and there is no evidence that suggests their interests are antagonistic to the interests of the absent class members or that their actions are collusive. *See Tanne*, 226 F.R.D. at 667-68; *Winn*, 2001 WL 278113, at *5. Furthermore, the Movants have secured counsel for the class that appears qualified and competent to prosecute a securities class action. (Gilchrist Decl. ¶¶ 5, 6, Exs. D, E); *see Tanne*, 226 F.R.D. at 667-68; *Winn*, 2001 WL 278113, at *5.

Consequently, the Court concludes that the Movants are the presumptively most qualified plaintiffs.

### D. Appointment of Lead Counsel

The PSLRA provides that the "most adequate plaintiff, shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). The Movants ask the Court to approve The Law Offices of Bernard M. Gross, P.C., as lead counsel; Cohen & Malad, LLP, as liaison counsel; and Theisen Bowers & Associates, LLC, as local counsel. These firms have adequately conducted the litigation thus far and have considerable

experience in prosecuting class actions. (*See* Gilchrist Decl. ¶¶ 5, 6, Exs. D, E.)  The Court sees no reason to expect a significant decline in their performance and therefore will approve the Movants' choice of counsel for the class.  Of course, the Court admonishes counsel that it will not allow any duplication of attorney fees in this action. *See, e.g.*, *Spicer v. Chicago Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1235 (N.D. Ill. 1993).

### *E.  Conclusion*

For the foregoing reasons, the Motion of David Ross and David John Thomas for Appointment as Lead Plaintiffs and For approval of Lead Plaintiffs' Selection of Counsel (Docket # 28) is GRANTED.  David Ross and David John Thomas are appointed as lead plaintiffs, and The Law Offices of Bernard M. Gross, P.C., shall serve as lead counsel; Cohen & Malad, LLP, as liaison counsel; and Theisen Bowers & Associates, LLC, as local counsel.

Within thirty (30) days of this Opinion and Order, the Plaintiffs are to file an amended complaint, and the Defendants are to plead, answer, or otherwise defend within twenty (20) days thereafter.  Any motion to dismiss will be briefed in accordance with Local Rule 7.1(a).

SO ORDERED.

Entered this 27th day of May, 2009.

/S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge